UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT DRUHAN, | * |
| Plaintiff, | * |
| v. | *  Civil Action 24-cv-11306-IT |
| ABC, et al., | * |
| Defendants. | * |

ORDER

July 31, 2024

TALWANI, D.J.

This is one of five actions that *pro se* plaintiff Robert Druhan filed on May 15, 2024, arising from his allegations that the COVID-19 vaccine manufactured by Moderna, Inc., caused serious and debilitating side effects from which he still suffers. See Druhan v. Fauci, C.A. No. 24-11303-IT; Druhan v. Moderna, Inc., C.A. No. 24-11304-IT; Druhan v. Gillette Stadium, et al., C.A. No. 24-11305-IT; Druhan v. Hoge, et. al., C.A. No. 24-11309. All of the cases were assigned to the undersigned as related to Druhan v. Hoge, C.A. No. 22-10437-IT, which the court dismissed for failure to state a claim upon which relief may be granted and as barred by Public Readiness and Emergency Preparedness Act.

For the reasons set forth below, the court will order Druhan to file a signed complaint and resolve the filing fee if he wishes to proceed with this action. The court will also deny his request for counsel.

I.      **Signing of the Complaint**

Druhan did not sign his Complaint [Doc. No. 1]. Under Rule 11 of the Federal Rules of Civil Procedure ("Rule 11"), every paper presented to the court must be signed by the filing party (or, if represented, by counsel). Fed. R. Civ. P. 11(a). "The court must strike an unsigned paper unless the omission is properly corrected after being called to the . . . party's attention." Id. Thus, if Druhan wishes to proceed with this action, he must file a signed complaint.

Rule 11 further provides that by presenting a paper (signed or unsigned) to the court, the party (or, if represented, the attorney):

> certifies to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). If the court later determines that a such certification was false, the court may sanction the party. Fed. R. Civ. P. 11(c)(2).

II.     **Filing Fee**

The fee for commencing a civil action is $405. Under the federal *in forma pauperis* statute, a court "may authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets

such [person] possesses [showing] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). One does not have to be "absolutely destitute" to proceed *in forma pauperis*. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). Rather, the litigant must show he cannot pay the filing fee "'and still be able to provide' himself and dependents with the necessities of life." Id. Leave to proceed *in forma pauperis* is a privilege, not a right. See, e.g., Young v. Bowser, 843 Fed. App'x 341, 342 (D.C. Cir. 2021); Daker v. Jackson, 942 F.3d 1252, 1257 (11th Cir. 2019); Bryant v. United States, 618 Fed. App'x 683, 685 (Fed. Cir. 2015); Lofton v. SP Plus Corp., 578 Fed. App'x 603, 604 (7th Cir. 2014); White v. State of Colo., 157 F.3d 1226, 1233 (10th Cir. 1998); see also Skinner v. Switzer, 562 U.S. 521, 535 (2011) (referring to "*in forma pauperis* privileges").

In this action, Druhan did not pay the filing fee or file a motion for leave to proceed *in forma pauperis*. If Druhan elects to proceed with this action, he must pay the fee in full or obtain leave to proceed *in forma pauperis*.

To seek leave to proceed *in forma pauperis*, Druhan must complete the 2010 version of AO form 240 titled "Application to Proceed Without Prepaying Fees or Costs" ("Application"), which the Clerk will provide. If Druhan is without any income or assets, he must supplement the Application to explain how he accesses the basic expenses of life. Druhan must sign the completed Application, declaring "under penalty of perjury that the . . . information [in the Application] is true" and that he "understand[s] that a false statement may result in dismissal of [his] claims." Application at 2.[1]

---

[1] This perjury sanction "serves to protect the public against misuse of public funds by a litigant with adequate funds of his own." Rowland v. California Men's Colony, 506 U.S. 194, 205 (1993).

If Druhan files an Application in accordance with the above and the court grants the same, the court will review the complaint pursuant to 28 U.S.C. § 1915(e)(2) prior to allowing any summons to issue. This statute provides for the preliminary review of a complaint filed by a litigant proceeding *in forma pauperis* and allows the court to dismiss any claim that is malicious, frivolous, fails to state a claim for relief, or seeks monetary damages from a party who is immune from such relief. 28 U.S.C. § 1915(e)(2).

### III.    Conclusion

In accordance with the foregoing, the court hereby orders:

1. If Druhan wishes to proceed with this action, he must, within twenty-one (21) days, file a signed complaint. Failure to do so will result in dismissal of this action.

2. If Druhan wishes to proceed with this action, he must, within twenty-one (21) days resolve the filing fee by (i) paying the $405 fee; or (ii) completing, signing, and filing the 2010 version of the Application (and any supplemental information) as set forth above. Failure to do so will result in dismissal of this action.

3. The request for counsel [Doc. No. 3] is DENIED.

IT IS SO ORDERED.

/s/ Indira Talwani
United States District Judge

July 31, 2024